IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | | |
|---|---|---|
| CASSIE MCKENZIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:11-00387 |
| | ) | |
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

PROPOSED FINDINGS AND RECOMMENDATION

On May 31, 2011, Plaintiff, an inmate formerly incarcerated at FPC Alderson,[1] and acting *pro se*, filed her letter-form Complaint claiming entitlement to relief pursuant to the Federal Tort Claims Act [FTCA], 28 U.S.C. §§ 1346(b) and 2671, *et seq.* and for alleged violations of his constitutional rights pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 395-97, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).[2] (Document No. 1.) Plaintiff names the following as Defendants: (1) United States of America; (2) Myron L. Batts, Warden; (3) Teresa Arisman, Associate Warden ; (4) Tina Altizer, Unit Manager; (5) Lieutenant J. McCallister; (6) Lieutenant Jones; (7) Officer Hershman; (8) Officer Johnson; (9) Lieutenant Oakes; and (10) Officer Booher. (Id.) Plaintiff complains that Defendants violated her constitutional rights by denying her access to the courts and filing a disciplinary incident report against her resulting in her transfer to another institute. (Id., p. 1.) Plaintiff further argues that Defendants lost her personal property and

_____

[1] The Bureau of Prisons' Inmate Locator indicates that Plaintiff was released from custody on September 23, 2013.

[2] Because Plaintiff is acting *pro se*, the documents which she has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

she is entitled to relief pursuant to the FTCA. (Id., pp. 1, 9 -10.) In support of her Complaint, Plaintiff attaches denial letters from the United States Department of Justice concerning Administrative Claim Nos. TRT-MXR-2011-00851, TRT-MXR-2011-03936, TRT-MXR-2011-00515, and TRT-MXR-2011-00514. (Document Nos. 1 and 3.) In Administrative Claim No. TRT-MXR-2011-00851, Plaintiff alleged emotional distress due to staff involvement in an alleged deceitful act of sanctioning Plaintiff to a 200 series prohibited act. (Id., pp. 3 - 7.) Specifically, Plaintiff alleged that she was improperly charged with Threatening Another with Bodily Harm or Any Other Offense. (Id., p. 7.) Plaintiff stated that she suffered emotional harm because the "Unit Disciplinary Committee recommended a disciplinary transfer for Sanction 203 - higher security prison." (Id., p. 8.) In Administrative Claim No. TRT-MXR-2011-03936, Plaintiff complained of loss of personal property. (Id., pp. 8 - 9.) In Administrative Claim TRT-MXR-2011-00515, Plaintiff alleged that she suffered emotional distress due to insufficient typewriters at FPC Alderson. (Document No. 3, p. 3.) In Administrative Claim No. TRT-MXR-2011-0514, Plaintiff claimed that she suffered "emotional distress due to staff at FPC Alderson purposely withholding Administrative Remedy Requests and therefore making them untimely." (Id., p. 4.) Plaintiff appears to be seeking monetary damages for her emotional distress. (Document Nos. 1 and 3.)

## STANDARD

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct.

1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. With these standards in mind, the Court will assess Plaintiff's allegations in view of applicable law.

## ANALYSIS

1.   **Bivens Claims:**

"[F]ederal courts must take cognizance of the valid constitutional claims of prison inmates." Turner v. Safley, 482 U.S. 78, 84, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64 (1987). A Bivens action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors. See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. at 395-97, 91 S.Ct. at 2004-05; See also Carlson v. Green, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980)(extending Bivens to Eighth Amendment claims); Davis v. Passman, 442 U.S. 228, 239 n. 18, 99 S.Ct. 2264, 2274 n. 18, 60 L.Ed.2d 846 (1979)(extending Bivens to allow citizen's recovery of damages resulting from a federal agent's violation of the Due Process Clause of the Fifth Amendment.) A Bivens action is the federal counterpart of an action under 42 U.S.C. § 1983. An action for money damages may be brought against federal agents acting under the color of their authority for injuries caused by their unconstitutional conduct. Proof of causation between the official's conduct and the alleged injury is necessary for there to be liability. A plaintiff asserting a

3

claim under <u>Bivens</u> must show the violation of a valid constitutional right by a person acting under color of federal law.[3] The United States Supreme Court has held that an inmate may name a federal officer in an individual capacity as a defendant in alleging an Eighth Amendment constitutional violation pursuant to <u>Bivens</u>. <u>See</u> <u>Wilson v. Seiter</u>, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). However, <u>Bivens</u> claims are not actionable against the United States, federal agencies, or public officials acting in their official capacities. <u>See</u> <u>FDIC v. Meyer</u>, 510 U.S. 471, 475, 484-86, 114 S.Ct. 996, 127 L.Ed. 2d 308 (1994); <u>Berger v. Pierce</u>, 933 F.2d 393, 397 (6th Cir. 1991); <u>Reinbold v. Evers</u>, 187 F.3d 348, 355 n. 7 (4th Cir. 1999).

    **A.**     ***Access to Court.***

    Plaintiff claims that Defendants deprived her of access to the Court by providing an inadequate number of type writers and making the administrative remedies process unavailable at FPC Alderson. A Complaint alleging deprivation of the right of access to the Courts must contain specific allegations respecting an injury which was actually sustained by the inmate as a result of the

---

[3] Inmates may file claims of liability against the United States under the FTCA but may not assert claims of personal liability against prison officials for violations of their constitutional rights. *Carlson v. Green*, 446 U.S. at 21-23, 100 S.Ct. at 1472 -74. By contrast, under *Bivens* inmates may assert claims of personal liability against individual prison officials for violations of their constitutional rights but may not assert claims against the government or prison officials in their official capacities. The Supreme Court held in *Carlson*, 446 U.S. at 18 - 21, 100 S.Ct. at 1471-72, that an inmate could pursue a *Bivens* action independent of a FTCA action. The Court found that Congress did not intend to pre-empt a *Bivens* remedy when it enacted the FTCA. *Id.* The Court noted that the legislative history of the FTCA "made it crystal clear that Congress views FTCA and *Bivens* as parallel, complementary causes of action." *Id.*, 446 U.S. at 19 - 20, 100 S.Ct. at 1471 -72. Relying upon *Carlson*, the Fourth Circuit found that the availability of relief under the FTCA does not automatically foreclose a *Bivens* action. *Dunbar Corp v. Lindsey*, 905 F.2d 754, 762 (4th Cir. 1990). The Court pointed out other distinctions between FTCA and *Bivens* actions in *Dunbar Corp.*: (1) only compensatory damages are available in FTCA actions, whereas compensatory and punitive damages are available under *Bivens* and (2) FTCA claims must be tried to the Court, whereas *Bivens* claims may be tried to a jury. *Id.*

policies and procedures in effect at the place of incarceration or the conduct of prison officials. See Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996). Conclusory allegations will not suffice. Id. A prisoner must identify an actual injury resulting from official conduct. Strickler v. Waters, 989 F.2d 1375, 1382-85 (4th Cir.), cert. denied, 510 U.S. 949, 114 S.Ct. 393, 126 L.Ed.2d 341 (1993). First, Plaintiff contends that Defendants denied her access to the courts by providing an insufficient number of type writers. The Court finds an insufficient number of type writers did not deny Plaintiff access to the Court because this Court does not require that a prisoner's Complaint be typed. Second, Plaintiff alleges that Defendants denied her access to the Courts by withholding her Administrative Remedy Requests resulting in the requests being untimely. Although the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a)(1996), requires that inmates exhaust administrative remedies prior to filing civil actions, the plain language of the statute requires that only "available" administrative remedies be exhausted. See Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2382-83, 165 L.Ed.2d 368 (2006). A grievance procedure is not "available" if prison officials prevent an inmate from using it. Dale v. Lappin, 376 F.3d 652, 656 (7th Cir. 2004); Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003)(inmate lacked available administrative remedies for exhaustion purposes where inmate was unable to file a grievance because prison officials refused to provide him with the necessary grievance forms); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001)(allegations that prison officials failed to respond to his written requests for grievance forms were sufficient to raise an inference that inmate had exhausted his available administrative remedies.) Thus, even assuming that Defendants rendered the administrative remedies process unavailable as Plaintiff alleges, Plaintiff was not denied access to the Court. See Woltz v. Scarantino, 2012 WL 851118, * 1 (S.D.W.Va. March 13, 2012)("Plaintiff does not have a constitutional right to participate in an administrative remedy

5

process and 'his access to courts has not been hindered or chilled in any way.'") The record reveals that Plaintiff was clearly able to file her Complaint with this Court initiating the instant proceeding. The record further reveals that Plaintiff has filed an additional action with this Court (Civil Action No. 1:11-0622) and submitted at least four Administrative Claims with the Department of Justice (Administrative Claim Nos. TRT-MXR-2011-00851, TRT-MXR-2011-03936, TRT-MXR-2011-00515, and TRT-MXR-2011-00514). Plaintiff has failed to state any facts or circumstances indicating or creating any basis for inferring that she has sustained actual injury as a consequence of the Defendants' alleged conduct. Accordingly, the undersigned finds that Plaintiff's above claim should be dismissed.

**B.**     ***Prison Discipline Has Not Been Vitiated.***

Next, Plaintiff appears to allege that her due process rights were violated because she was improperly convicted during prison disciplinary proceedings of violating Sanction 203. In Heck v. Humphrey, 512 U.S.477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) the Supreme Court established the following test to determine whether a prisoner's claim for violation of due process in the context of a criminal proceeding is cognizable under 42 U.S.C. § 1983.

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Heck, 512 U.S. at 487, 114 S.Ct. at 2372-73; see also Messer v. Kelly, 129 F.3d 1259 (4th Cir. 1997)(stating that the rationale in *Heck* applies in *Bivens* actions).

The Supreme Court applied the Heck rule to prison disciplinary proceedings in Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997), when it held that, in the context of prison disciplinary hearings that result in the loss of good-time credits, challenges to prison hearing procedures which necessarily imply the invalidity of the judgment must be pursued in *habeas corpus*, not in a Section 1983 action. In Balisok, the inmate alleged that he was denied the opportunity to put on a defense due to the deceit and bias of the hearing officer. The Court held "that [Balisok's] claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decision maker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983." Edwards, 520 U.S. at 648, 117 S.Ct. at 1589. Accordingly, the undersigned proposes that the District Court find (1) that Plaintiff alleges that she was denied due process in connection with her prison disciplinary hearing, (2) that her contentions imply the invalidity of the disciplinary hearings and the review and appeal process, (3) that there has been no invalidation of the disciplinary hearing, and (4) that her claim is therefore barred.[4]

---

[4] The undersigned further notes that prisoner disciplinary proceedings are not part of criminal prosecution. Thus, the full panoply of rights due a defendant in criminal proceedings do not apply in prison disciplinary proceedings. *See Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935 (1974)("there must be mutual accommodation between institutional needs and objective and the provisions of the Constitution"). Inmates, however, are entitled to the following procedural safeguards during disciplinary hearings: (1) advance written notice to the inmate of the claimed violation; (2) an opportunity for the inmate to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals; and (3) a written statement by the fact finders of the evidence relied on and the reasons for the disciplinary action. *Id.*, at 563 - 66. The undersigned notes that Plaintiff does not allege she was denied any of the above procedural safeguards.

C.      *Custody Classification and Transfer.*

To determine whether an inmate retains a certain liberty interest, the Court must look to the nature of the claimed interest and determine whether the Due Process Clause applies. See Board of Regents v. Roth, 408 U.S. 564, 570-71, 92 S.Ct. 2701, 2705-06, 33 L.Ed.2d 548 (1972). An inmate holds a protectable right in those interests to which he has a legitimate claim of entitlement. Greenholtz v. Inmates of Nebraska Penal and Corr. Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 2103, 60 L.Ed.2d 668 (1979)(quoting Roth, 408 U.S. at 577, 92 S.Ct. 2709). In Gaston, the Fourth Circuit determined that an inmate possesses a claim of entitlement in those interests "which were not taken away expressly or by implication, in the original sentence to confinement." Id. at 343. The Supreme Court held in Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), that in order to show the deprivation of a liberty interest protected by the Due Process Clause, an inmate must show either that: (1) the conditions exceed the sentence imposed in such an unexpected manner as to give rise to protection by the Due Process Clause or (2) the confinement creates an atypical or significant hardship in relation to the ordinary incidents of prison life. Id., 515 U.S. at 484, 115 S.Ct. at 2300 (citations omitted). Absent allegations indicating that there has been a restraint upon the inmate's freedom which imposes "an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," the inmate's claims have no merit. Id.

It is well settled that inmates have "no legitimate statutory or constitutional entitlement" to any particular custodial classification which is sufficient to invoke due process.  Moody v. Doggett, 429 U.S. 78, 88 n.9, 97 S.Ct. 274, 279 n.9, 50 L.Ed.2d 236(1976). Thus, inmates do not have a property or liberty interest in custodial classifications. Such classifications are generally within the broad discretion of prison officials' administration and management, and Courts are reluctant to interfere except in extreme circumstances such as when the classification results in the deprivation

8

of a constitutional right. Likewise, inmates have no constitutional right to be incarcerated in any particular institution, and prison officials have discretion in deciding to transfer them to which the Courts defer. Meachum v. Fano, 427 U.S. 215, 228, 96 S.Ct. 2532, 2540, 49 L.Ed.2d 451 (1976)("Whatever expectation the prisoner may have in remaining at a particular prison so long as he behaves himself, it is too ephemeral and insubstantial to trigger procedural due process protections as long as prison officials have discretion to transfer him for whatever reason or for no reason at all.") Plaintiff's allegations respecting Defendants' determination of her custody classification and decision to transfer her to another institution do not indicate any abuse of discretion, and no deprivation of a constitutional right is evident. Plaintiff's claims respecting her custody classification and transfer do not present issues of a constitutional nature which might be considered under Bivens.

     **D.**    ***Emotional Damages.***

The Prison Litigation Reform Act [PLRA] expressly prohibits the filing of civil actions by prisoners "confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Although the PLRA does not define "physical injury" and the Fourth Circuit has not provided a definition, other courts have held that the "physical injury" need not be significant, but it must be more than *de minimis*. See Flanory v. Bonn, 604 F.3d 249, 254 (6th Cir. 2010); Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1312-13 (11th Cir. 2002); Siglar v. Hightower, 112 F.3d 191 (5th Cir. 1997); Zehner v. Trigg, 952 F.Supp. 1318 (S.D.Ind. 1997). In addition, "[a] plaintiff seeking compensatory damages for emotional distress cannot rely on conclusory statements that the plaintiff suffered emotional distress [or] the mere fact that a constitutional violation

occurred, but, rather, the testimony must establish that the plaintiff suffered demonstrable emotional distress, which must be sufficiently articulated." Knussman v. Maryland, 272 F.3d 625, 640 (4th Cir. 2001), quoting Price v. City of Charlotte, 93 F.3d 1241, 1254 (4th Cir. 1996)(internal quotation marks omitted).

In her Complaint, Plaintiff appears to request damages for emotional distress. Plaintiff fails to allege any facts supporting the existence of a physical injury as the result of Defendants' conduct. Plaintiff's mere allegation that she suffered emotional distress because of Defendants' alleged misconduct is inadequate. Accordingly, Plaintiff's claim for money damages fails to state a claim for which relief may be granted.

**2.** **Plaintiff's Section 1985(3) claim:**

Section 1985(3) provides as follows:

> If two or more persons . . . conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or * * * in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having or exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

Therefore, to state a claim for relief under Section 1985(3), a plaintiff must allege (1) a person's engagement in a conspiracy; (2) for the purpose of depriving, either directly or indirectly, the plaintiff or class of persons of the equal protection of the laws, or of equal privileges or immunities under the laws; (3) the person's act in furtherance of the conspiracy; (4) the plaintiff's injury in his person or property or deprivation of a right or privilege of a citizen of the United States. Simmons v. Poe, 47 F.3d 1370, 1376 (4th Cir. 1995). Allegations specifying "concrete supporting facts" are

10

required to state a claim for relief under Section 1985(3). Conclusory allegations of conspiracy will not suffice. Simmons v. Poe, 47 F.3d at 1377 ("[W]e have specifically rejected section 1985 claims whenever the purported conspiracy is alleged in a merely conclusory manner, in the absence of concrete supporting facts.") Additionally, federal agencies and officials in their official capacities are immune from suit, but federal officials can be sued in their individual capacities under Section 1985. Proffitt v. United States, 758 F.Supp. 342, 345 (E.D.Va. 1990)("[T]he United States is not a person within the meaning of § 1985. * * * Nor can plaintiff recover damages against the individual defendants sued in their official capacities."(Citation omitted.)); Baird v. Haith, 724 F.Supp. 367, 384 (D.Md. 1988).

The undersigned finds that Plaintiff has not stated a claim for which relief may be granted under Section 1985(3). Plaintiff does not allege that Defendants engaged in a conspiracy to deprive her of the equal protection of the laws or of equal privileges and immunities under the laws of the United States. Moreover, Plaintiff has not specifically alleged concrete facts with respect to each of the four elements required to prove a Section 1985(3) claim as set forth above. Plaintiff's allegations are conclusory. Plaintiff concludes that Defendants conspired to have Plaintiff convicted of violating Sanction 203 so that she would be transferred to a higher security institution. Thus, Plaintiff's Section 1985 claim against Defendants should therefore be dismissed.

**3.** **FTCA Claim:**

Plaintiff asserts a negligence claim under the Federal Tort Claims Act against Federal Bureau of Prisons. Such claims are appropriately raised against the United States under the Federal Tort Claims Act [FTCA], 28 U.S.C. §§ 2671-2680. An inmate "can sue under the FTCA to recover damages from the United States Government for personal injuries sustained during confinement in

a federal prison, by reason of the negligence of a government employee." United States v. Muniz,

374 U.S. 150, 83 S.Ct. 1850, 10 L.Ed.2d 805 (1963). The FTCA provides at Section 2674 as follows:

> The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.

The FTCA does not create a new cause of action. Medina v. United States, 259 F.3d 220, 223 (4th

Cir. 2001). The statute merely waives sovereign immunity and "permits the United States to be held

liable in tort in the same respect as a private person would be liable under the law of the place where

the act occurred." Id. Section 2680, however, exempts from the waiver certain categories of claims.

See 28 U.S.C. §§ 2680(a)-(n). Section 2680(c) provides that the waiver of immunity in Section

1346(b) shall not apply to "[a]ny claim arising in respect of the assessment or collection of any tax

or customs duty, or the detention of any goods, merchandise, or other property by any officer of

customs or excise or any other law enforcement officer." In Ali v. Federal Bureau of Prisons, 552

U.S. 214, 228, 128 S.Ct. 831, 841, 169 L.Ed.2d 680 (2008), the United States Supreme Court held

that "Section 2680(c) forecloses lawsuits against the United States for the unlawful detention of

property by 'any,' not just 'some,' law enforcement officers." Ali v. Federal Bureau of Prisons, 552

U.S. 214, 128 S.Ct. 831, 169 L.Ed.2d 680 (2008). Thus, FTCA actions involving the detention or

mishandling of personal property by prison officials are subject to dismissal. See Perkins v. Deboo,

2009 WL 1650443 (N.D.W.Va. June 11, 2009)(plaintiff's FTCA claim seeking reimbursement for

loss of personal property dismissed based upon Section 2680(c)); Mathis v. U.S., 2008 WL 2922798

(D.S.C. July 24, 2008)(plaintiff's FTCA claim that prison officials were negligent in transferring his

personal property was dismissed based upon Section 2680(c)); Wadley v. Warden, 2008 WL

2455445 (W.D.Va. June 16, 2008)(FTCA claim that prison officials were negligent in seizing and destroying his tennis shoes was dismissed based upon Section 2680(c)). The undersigned finds that Plaintiff's claim that prison officials were negligent in the retention or loss of her personal property falls squarely within the "detention exception" as set forth in Section 2680(c). Accordingly, Plaintiff's FTCA claim must be dismissed.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Plaintiff's Complaint (Document Nos. 1 and 3.) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.

1984). Copies of such objections shall be served on opposing parties, District Judge Faber and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff, who is acting *pro se*.

Date: April 25, 2014.

R. Clarke VanDervort
United States Magistrate Judge